UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

**LARRY J. ARCENEAUX**            **CIVIL ACTION NO. 09-654 (Lead)**
                                                            **09-657 (Member)**

**VERSUS**                                 **JUDGE MELANCON**

**ASSURANCEFORENINGEN GARD**      **MAGISTRATE JUDGE HANNA**
**INSURANCE COMPANY, ET AL**

*RULING ON MOTION TO QUASH*
**(Rec. Doc. 62)**

Before the court is plaintiff's Motion to Quash. The motion is opposed. Trial is set in this matter for March 22, 2010, and the pretrial conference is set for March 3, 2010.

*Background and Argument*

In his motion, plaintiff asks the court to quash a subpoena issued by defendants to plaintiff's cell phone provider, Centennial Wireless, for the following information:

> Certified copies of any and all cell phone records for the cell phone number 337-xxx-xxxx for the period beginning 12:00 midnight Tuesday, September 1, 2007 through 12:00 midnight September 22, 2007, including but not limited to any and all calls attempted from said cell phone number and any and all calls made to said cell phone number, further to include any and all text messages, multi media messages (SMS and/or MS), photo messages, etc. made and/or produced by said cell number and forwarded to said cell phone number.[1]

Plaintiff argues the sought after information is overly invasive and outside the scope of permissible discovery, and asks the court to either quash the subpoena, or issue

---

[1] See Subpoena to Produce Documents and Things (rec. doc. 62-2.)

protective orders "that the Court believes are appropriate under Rule 26 ( c)" or "[a]t a minimum the Court should require that defendants specify the target or targets of their discovery which would permit an in camera inspection by the Court to determine whether or not the discovery hits that target."[2]

In opposition, defendants argue the requested discovery is neither overly invasive nor outside the scope of permissible discovery. Defendants explain plaintiff, in his October 30, 2009, deposition, testified he believed he took three photographs of the accident area with his cell phone on the day he allegedly fell. Plaintiff has produced two of the photographs, but not the third, and defendants state plaintiff could not recall exactly when the photographs were taken. Defendants also argue plaintiff "apparently used his cell phone to contact his employer, Superior Wellhead, after his alleged incident," and explains "[t]he purpose of the subpoena is to obtain data regarding all photographs taken by Mr. Arceneaux while on the REM COMMANDER and calls to and from the cell phone were times relevant to Mr. Arceneaux's time on the REM COMMANDER."[3]

Thus, defendants argue, the information sought is relevant, as there are questions regarding the authenticity of the photos plaintiff alleges to have taken on the date of the accident with his cell phone, and whether plaintiff called his employer on the date of the

---

[2]*Memorandum in Support of Motion to Quash* (rec. doc. 62-1), p. 2.

[3]*Memorandum in Opposition to Complainant's Motion to Quash* (rec. doc. 77), p. 2.

accident from his cell phone. Moreover, defendants argue, there is no basis to quash this subpoena, as plaintiff has made no showing it is annoying, embarrassing, or oppressive.

### *Applicable Law and Discussion*

Federal Rules of Civil Procedure Rules 26(b)(1), 26(c)(1), and 45(c)(3) govern this matter. Rule 26(b)(1) governs the general scope of discovery and reads in pertinent part as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff has not argued the requested material is privileged, and it is relevant to plaintiff's claim regarding the condition of the area where he allegedly fell, the pictures he took of the area, and any calls he may have made to his employer on the date of the accident. Further, it is reasonably calculated to lead to the discovery of admissible evidence, i.e. photographs and/or information to corroborate or contradict the claim that the employer was contacted about the accident contemporaneous with its occurrence. Therefore, the undersigned finds the information sought is relevant and discoverable.

Plaintiff has made no showing the subpoena is overly burdensome or annoying, embarrassing, or oppressive. The subpoena is specific regarding the information it seeks, and is limited to a 24 hour period after the alleged accident occurred. Therfroe, the undersigned there is no need for a protective order under Fed. Rule. Civ. P. 26 (c).

3

*Conclusion*

For the reasons given above,

**IT IS ORDERED** that plaintiff's Motion to Quash (rec. doc. 62) is **DENIED**.

Lafayette, Louisiana, this 25th day of February, 2010.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)